KATHERINE I. HARTLEY (Bar No.11837)
PACIFIC JUSTICE INSTITUTE
P.O. BOX 2131
COEUR D'ALENE, IDAHO 83816
P: 858-945-6924
khartley@pji.org

*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO
**(Northern Division)**

| | |
|---|---|
| TRAVIS LOHR,<br><br>    Plaintiff,<br><br>v.<br><br>KELLOGG JOINT SCHOOL DISTRICT, an Idaho public school district; DAN DAVIDIAN, in his official capacity as Principal of Kellogg High School;<br><br>    Defendants. | Case No.:<br><br>**VERIFIED COMPLAINT**<br>**[42 U.S.C. § 1983]**<br><br>[Demand for Jury Trial] |

Plaintiff Travis Lohr (hereafter "Mr. Lohr"), by and through his undersigned counsel, alleges as follows:

## OVERVIEW

1. This is an action for declaratory, equitable, and monetary relief against an Idaho school district. It is brought under 42 U.S.C. § 1983 and the U.S. Constitution.

2. In response to Mr. Lohr's speech at a school assembly, Defendants Kellogg Joint School District (hereafter "the District") and Principal Dan Davidian (hereafter "Davidian") suspended him and forbade him from participating in his high school graduation.

3. The U.S. Constitution protects the freedom to express differing opinions and prohibits government entities from adopting and enforcing pre-approved views on matters of great public concern.

1

4. Defendants have defied this principal by disciplining a student for speech that expresses a viewpoint different than their own.

5. Mr. Lohr, a high school senior at Kellogg High School, stated his opinion on an issue of great public concern by saying, "Guys are guys and girls are girls, there is no in-between."

6. The nature of biological sex and gender is a hotly debated issue across the United States.

7. Mr. Lohr expressed his own opinion on this matter by declaring there are only two sexes, male and female.

8. Mr. Lohr's speech was not directed at any individual staff member or student, and was neither vulgar nor disruptive to the educational process.

9. Mr. Lohr brings this suit to protect his constitutional rights.

10. Mr. Lohr now sues under 42 U.S.C. § 1983 for the District's deprivation under color of state law of Mr. Lohr's rights secured by the U.S. Constitution. Mr. Lohr respectfully asks the Court to grant the equitable and legal relief set forth in the Prayer for Relief.

**PARTIES**

11. At all times relevant herein, Mr. Lohr was a U.S. citizen and resident of the United States and Shoshone County, Idaho. Mr. Lohr currently resides in Shoshone County, Idaho.

12. Defendant Kellogg Joint School District is an Idaho school district in Shoshone County, which is declared to be a body corporate and politic, and in its corporate capacity may sue and be sued and may acquire, hold and convey real and personal property (Idaho Code § 33-301).

13. The District is primarily locally funded and locally controlled by elected school board members who represent the individual community where the District is located.

14. Defendant Davidian is an individual.  Upon information and belief, Davidian resides in Shoshone County, Idaho.

15. Davidian is the principal of Kellogg High School and initiated the disciplinary actions of Mr. Lohr related to his speech.

16. This action is brought against Davidian in his official capacity.

## JURISDICTION AND VENUE

17. The District is located within this judicial district and division. All of the events and omissions giving rise to the claims alleged herein occurred in this judicial district and division. Therefore, this Court has personal jurisdiction over the District.

18. Furthermore, venue is proper in this Court and in this division under 28 U.S.C. § 1391(b).

19. This Court has federal question jurisdiction over Mr. Lohr's claims under 28 U.S.C. §§ 1331, 1343(a)(3).

20. This Court has the authority to grant the requested declaratory relief under 28 U.S.C. § § 2201 and 2202.

21. This Court has the authority to grant the requested damages pursuant to 28 U.S.C. § 1343.

22. This Court has the authority to award attorneys' fees under 42 U.S.C. § 1988.

## GENERAL ALLEGATIONS

23. Kellogg High School is a public high school in the Kellogg Joint School District. Kellogg High School is under the direction and control of the Defendants.

24. Mr. Lohr was a senior at Kellogg High School.

25. On May 31, 2023, Kellogg High School seniors were given the opportunity to address the underclassmen during a school assembly.

26. During his comments to the underclassmen, Mr. Lohr made the statement that "guys are guys and girls are girls, there is no in-between."

27. Mr. Lohr did not mention any specific students or staff members in relation to this statement.

28. No portion of Mr. Lohr's statement to the underclassmen was vulgar or profane.

29. The school assembly continued as planned after Mr. Lohr's statement.

30. On May 31, 2023, Mr. Davidian called Mr. Lohr's mother, Renee Sleezer, to say that Mr. Lohr would be suspended and not permitted to participate in his high school graduation because of his comments during the assembly.

31. Mr. Davidian stated in his message to Ms. Sleezer that Mr. Lohr's comments were rude,

inappropriate, and offensive toward the gay community.

32. District policy number 516 states, in part, "At no time are students allowed to engage in speech or expression that is defamatory, illegal, invades or threatens to invade the rights of others, presenting the likelihood of substantial disorder, or is disruptive to the educational process."

33. This policy goes on to also state that "language that is profane, vulgar, lewd, obscene, threatening, disruptive, discriminatory, or *offensive* in nature or content is prohibited . . ."

34. According to the District's Educational Philosophy Policy number 102, the District shall "establish a policy assuring that all students are treated fairly and consistently," and "equip students for full participation in a democratic society."

35. Pursuant to these policies and practices, the District permits students to convey messages about their opinions about human sexuality.

36. For example, a student wore a "Pride" flag as a cape to school during the 2022-2023 school year. On information and belief, this student was not disciplined for his speech nor told to remove the cape.

37. A student-based gay pride club is present at Kellogg High School.

38. Further, Mr. Lohr has observed Defendants and other school officials conveying messages about human identity, sex, and gender.

39. For example, a teacher at Kellogg High School was permitted to post a "Pride" flag in her classroom, thereby expressing an opinion about human sexuality.

40. For debate class during the 2022-2023 school year, students were instructed by Kellogg High School teachers to give their opinions on LGBTQ books and LGBTQ rights. Students who identify with the LGBTQ community were permitted to openly speak about their personal views on human sexuality.

41. Holding a contrary view, Mr. Lohr believes there are only two sexes, male and female, and one's gender is based on biological sex.

42. Mr. Lohr's sincerely held beliefs compel him to share his beliefs and views with his classmates.

43. Mr. Lohr's personal experience at Kellogg High School and in society in general is that his own view of sex and gender is frequently suppressed because it differs from that of others.

44. The fact that Mr. Lohr's views are typically suppressed in current society and by authority figures within the District, he wanted to express his own opinion.

45. Mr. Lohr has no objection to others expressing their own views on this subject of sex and gender.

46. The District, in apparent application of their free speech policy, contend that Mr. Lohr's comments were rude, inappropriate, and offensive toward the gay community.

47. However, to apply the District's application of this principle, this would also mean any mention of the views held by the gay community on sex and gender are rude, inappropriate, and offensive to Mr. Lohr or any of his classmates who hold his same beliefs.

48. One viewpoint is being punished, and the other is not.

49. Specifically, speech that claims there are only two genders is prohibited, while speech expressing that gender and human sexuality are subjective is allowed.

50. On June 2, 2023, Mr. Lohr was notified that his employment opportunity with the United States Forest Service was rescinded.

51. Mr. Lohr is informed and believes and thereon alleges that Defendants or an agent of Defendants clandestinely and maliciously informed his employer of confidential student information about him.

52. The dissemination of this information was in violation of federal law and done in retaliation for Mr. Lohr's exercise of his rights under the First Amendment. This resulted in economic damages to Mr. Lohr.

53. By transmitting confidential information about Mr. Lohr to a third-party employer, Defendants or their agents intentionally and foreseeably caused Mr. Lohr economic harm.

54. The economic harm to Mr. Lohr is ongoing.

55. Defendants' public shaming of Mr. Lohr also intentionally and foreseeably caused him humiliation for expressing his views.

5

**FIRST CLAIM FOR RELIEF**
**(Violation of Mr. Lohr's Free Speech Rights in Violation of 42 U.S.C. § 1983)**
**(Against All Defendants)**

56.     Mr. Lohr refers to and hereby incorporates the foregoing paragraphs as though fully set forth herein.

57.     The District acted under color of state law when it took the adverse action against Mr. Lohr.

58.     The First Amendment provides, "Congress shall make no law . . . abridging the freedom of speech . . ." U.S. Const. amend. I.

59.     For more than 80 years, the First Amendment has been interpreted by the U.S. Supreme Court to apply to the states and their political subdivisions via the Fourteenth Amendment.

60.     Congress has provided a vehicle for seeking relief from constitutional violations via 42 U.S.C. § 1983.  Mr. Lohr therefore brings this action pursuant to § 1983.

61.     Under the First Amendment, the District could not punish Mr. Lohr for exercising his First Amendment rights.

62.     Students do not shed their constitutional rights at the schoolhouse gate.

63.     Mr. Lohr's speech is protected speech under the First Amendment.

64.     Mr. Lohr's statement "guys are guys and girls are girls, there is no in-between" did not interfere with the educational process of Kellogg High School.

65.     Viewpoint-based restrictions on speech are unconstitutional.

66.     Content-based restrictions on speech are presumptively unconstitutional.

67.     Defendants have decided to prohibit one viewpoint on human sexuality and gender, but allow other contrary viewpoints.

68.     Defendants have forced an unconstitutional heckler's veto on Mr. Lohr because certain school officials have determined his speech is "offensive."

69.     Defendants have been given unbridled discretion to permit some speech, but prohibit other speech on the same topic.

70.     As such, Defendants' policy and practice are overbroad because they prohibit speech protected under the First Amendment.

71. The public interest in having free and unhindered debate on matters of public importance is a core value of the First Amendment.

72. Mr. Lohr respectfully prays the Court to grant the equitable and legal relief set forth in the Prayer for Relief.

## PRAYER FOR RELIEF

Mr. Lohr respectfully requests that this Court enter judgment against Defendants and provide him with the following relief:

ON ALL CAUSES OF ACTION:

73. A declaration that the District violated Mr. Lohr's right to free speech when it disciplined him for his constitutionally protected speech;

74. To grant Mr. Lohr damages proximately caused by the pain, anguish, embarrassment, and humiliation resulting from the unconstitutional actions taken against him;

75. To grant Mr. Lohr non-economic damages in an amount according to proof at trial;

76. To grant Mr. Lohr nominal damages;

77. To grant Mr. Lohr's counsel attorneys' fees and costs associated with bringing this action in accordance with the law;

78. To purge every reference to this entire incident—including the District's unconstitutional actions—from Mr. Lohr's student file and record;

79. To grant such other and further relief as the Court may deem proper.

## JURY TRIAL

Mr. Lohr demands a trial by jury with respect to all claims so triable.

Respectfully submitted this 7th day of August 2023,

/s/ Katherine Hartley
Katherine Hartley (Bar number 11837)
PACIFIC JUSTICE INSTITUTE
P.O. Box 2131
Coeur d'Alene, ID 83816
Khartley@pji.org

*Counsel for Plaintiff*

## VERIFICATION

I, Travis Lohr, am the Plaintiff in the above-captioned matter. I have read the Verified Complaint and am familiar with same. The contents are true and accurate and known to me by personal knowledge except for those matters asserted on information and belief. As to those matters, I believe them to be true.

I declare under penalty of perjury, under the laws of the United States and the State of Idaho, that the foregoing is true and correct. Executed this __6th__ day of August 2023, in the County of Shoshone, Idaho.

Travis Lohr