Anne Sullivan Magnelli, ISB No. 9452
ANDERSON, JULIAN & HULL LLP
C. W. Moore Plaza
250 South Fifth Street, Suite 700
Post Office Box 7426
Boise, Idaho 83707-7426
Telephone:   (208) 344-5800
Facsimile:    (208) 344-5510
E-Mail*:  amagnelli@ajhlaw.com*
          *service@ajhlaw.com*

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

(Northern Division)

| | |
|---|---|
| TRAVIS LOHR,<br><br>          Plaintiff,<br><br>vs.<br><br>KELLOGG JOINT SCHOOL DISTRICT, an Idaho public school district; DAN DAVIDIAN, in his official capacity as Principal of Kellogg High School,<br><br>          Defendants. | Case No.  2:23-cv-00350-REP<br><br>**DEFENDANTS' ANSWER TO VERIFIED COMPLAINT** |

COME NOW, the above-entitled Defendants KELLOGG JOINT SCHOOL DISTRICT and DAN DAVIDAN (collectively, "Defendants"), by and through their attorneys of record, Anderson, Julian & Hull LLP, and answer the Plaintiff's Verified Complaint as follows:

**FIRST DEFENSE**

The Complaint fails to state a claim against these Defendants upon which relief can be granted.

**SECOND DEFENSE**

These Defendants deny each and every allegation of the Complaint not herein expressly

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 1

and specifically admitted.

## OVERVIEW

1. Regarding Paragraphs 1 through 10 of the Complaint, the allegations are denied for lack of knowledge, denied as calling for a legal conclusion, and/or denied as phrased.

## PARTIES

2. These Defendants are without sufficient knowledge to admit or deny the allegations of Paragraph 11.

3. As it relates to Paragraphs 12 and 13 of the Complaint, it is admitted only that Kellogg Joint School District is a political subdivision of the State of Idaho and that it may be sued in this Court.

4. The allegations of Paragraph 14 of the Complaint are admitted.

5. As it relates to the allegations of Paragraph 15 of the Complaint, it is admitted only that Mr. Davidian is the principal of Kellogg High School. The remainder of the allegations of Paragraph 15 are denied and/or denied as phrased.

6. The allegations of Paragraph 16 of the Complaint are admitted.

## JURISDICTION AND VENUE

7. As it concerns Paragraphs 17 through 22 of the Complaint, these Defendants admit only that jurisdiction and venue are proper in the United States District Court for the District of Idaho. All remaining allegations of Paragraphs 17 through 22 are denied for lack of knowledge or denied as phrased.

## GENERAL ALLEGATIONS

8. These Defendants admit the allegations of Paragraphs 23 through 26 of the Complaint.

9. As it relates to Paragraph 27 of the Complaint, these Defendants are without sufficient knowledge to admit or deny the allegations.

10. The allegations of Paragraph 28 as what constitutes "vulgar or profane" may call for a legal conclusion and therefore does not require an answer.

11. These Defendants admit the allegations of Paragraphs 29 through 34 of the Complaint.

12. Regarding Paragraphs 35 through 36, these allegations are denied and/or denied as phrased.

13. These Defendants admit allegations of Paragraph 37 of the Complaint.

14. Regarding Paragraph 38, these Defendants are without sufficient knowledge to admit or deny.

15. Regarding Paragraphs 39 through 40 these allegations are denied and/or denied as phrased.

16. Regarding Paragraphs 41 through 42, these Defendants are without sufficient knowledge to admit or deny. Further, "sincerely held beliefs" may call for a legal conclusion and therefore does not require an answer.

17. Regarding Paragraphs 43 through 44, these Defendants are without sufficient knowledge to admit or deny. To the extent the allegations insinuate the District suppressed Mr. Lohr's personal views, these Defendants deny these allegations.

18. Regarding Paragraph 45, these Defendants are without sufficient knowledge to admit or deny.

19. Regarding Paragraphs 46 through 49, these allegations are denied and/or denied as phrased.

20. Regarding Paragraph 50, these Defendants are without sufficient knowledge to admit or deny.

21. The allegations of Paragraph 51 of the Complaint are denied. It is specifically denied that these Defendants took any action against Mr. Lohr that can be characterized as clandestine or malicious.

22. The allegations of Paragraph 52 of the Complaint are denied. It is specifically denied that these Defendants took any action to disseminate student records in violation of federal law or in a retaliation towards Mr. Lohr.

23. The allegations of Paragraph 53 of the Complaint are denied. It is specifically denied that these Defendants took any intentional action resulting in foreseeable economic harm to Mr. Lohr.

24. Regarding Paragraph 54, these Defendants are without sufficient knowledge to admit or deny.

25. These Defendants deny all allegations in Paragraph 55 of the Complaint. It is specifically denied that these Defendants publically shamed Mr. Lohr or took any action which could reasonably be characterized as having been done to cause humiliation to Plaintiff.

## **FIRST CLAIM FOR RELIEF**

*Violation of Mr. Lohr's Free Speech Rights in Violation of* **42 U.S.C. § 1983**

(*Against All Defendants*)

26. With respect to the allegations contained in Paragraph 56 of the Complaint, these Defendants reassert and reincorporate their previous denials and defenses, and incorporate them herein.

27. With respect to the allegations contained in Paragraphs 57 through 72 of the

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 4

Complaint, these Defendants deny the same, and deny that Plaintiff is entitled to the relief he seeks in his First Claim for Relief.

## PRAYER FOR RELIEF

28. With respect to the allegations contained in the Prayer for Relief paragraph of the Complaint, these Defendant deny the allegations and Plaintiff's entitlement to attorneys' fees or costs, as well as any damages. These Defendants also deny any and all remaining allegations contained in the Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

### THIRD DEFENSE

The allegations contained in the Plaintiff's Complaint do not rise to the level of the deprivation of a federally protected right.

### FOURTH DEFENSE

At all times relevant to the acts alleged in the Complaint, these Defendants acted in conformity with all applicable laws, rules, and regulations, and any actions taken with respect to the allegations referenced herein were undertaken for legitimate, non-discriminatory and non-retaliatory reasons.

### FIFTH DEFENSE

All decisions made by these Defendants with respect to Mr. Lohr and all actions taken with respect to his enrollment and education were made without malice, ill will, fraud, oppression or any other improper motive.

### SIXTH DEFENSE

Some or all of these Defendants may be entitled to qualified immunity from liability because the acts or omissions complained of, if any, were done by these Defendants in good faith, with honest and reasonable belief such actions were necessary and constitutionally proper.

## SEVENTH DEFENSE

To the extent Plaintiff is asserting state law claims against these Defendants, such causes of action arise out of and stem from activities for which these Defendants are immune, in whole or in part, from liability by virtue of Title VI, Chapter IX, Idaho Code and, therefore, Plaintiff's causes of action in damages seeking recovery under state law are barred in whole or in part by virtue of the provisions of Title VI, Chapter IX Idaho Code.

## EIGHTH DEFENSE

Plaintiff's state and federal claims may be barred, in whole or in part, by his failure to avail himself of the available administrative remedies and, alternatively, to exhaust his available administrative remedies.

## NINTH DEFENSE

Plaintiff's claims may be barred, in whole or in part, by the doctrines of waiver, estoppel and latches.

## TENTH DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statutes of limitations.

## ELEVENTH DEFENSE

Plaintiff may have failed to mitigate his damages, if any.

## TWELFTH DEFENSE

These Defendants assert the absence of a proximate, causal relationship between these Defendants' conduct and Plaintiff's alleged damages.

## THIRTEENTH DEFENSE

These Defendants fully performed any and all duties owed to Plaintiff under applicable law. Plaintiff is therefore barred from asserting any cause of action against these Defendants

## FOURTEENTH DEFENSE

These Defendants allege that if any of their agents or employees acted negligently, intentionally, willfully, or otherwise tortiously, unlawfully or wrongfully conducted themselves, to cause damage to Plaintiff, any such action was beyond the scope of such agent's or agents' employment and was without advance knowledge, authorization, consent or ratification of these Defendants.

## FIFTEENTH DEFENSE

Plaintiff's Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to allow recovery of exemplary or punitive damages against these Defendants, if such may be claimed in the future.

## SIXTEENTH DEFENSE

To the extent that Plaintiff's claims against these Defendants are found to be frivolous, vexatious, unreasonable, and/or to have been filed in bad faith, such a finding would justify an award of attorney's fees and costs against Plaintiff in favor of these Defendants.

## SEVENTEENTH DEFENSE

These Defendants assert that to the extent Plaintiff suffered any emotional distress or physical injury (and these Defendants do not admit that Plaintiff suffered such distress or injury), his emotional distress and alleged physical injury, if any, was proximately caused by factors other than the actions of these Defendants, or anyone acting on these Defendants' behalf.

## EIGHTEENTH DEFENSE

These Defendants assert that to the extent Plaintiff suffered any emotional distress or physical injury (and these Defendants do not admit that Plaintiff suffered such distress or injury), his emotional distress and alleged physical injury, if any, was not foreseeable as a matter of law.

## NINETEENTH DEFENSE

These Defendants did not cause harm to Plaintiff.

## TWENTIETH DEFENSE

The claims and damages set forth in the Plaintiff's Complaint may, as to some of the claims, be barred by the doctrine of unclean hands.

## TWENTY-FIRST DEFENSE

These Defendants are not liable in litigation pursuant to Title 42 U.S.C. § 1983, for any injury caused by the act or omission of another person under the theory of *respondeat superior*.

## TWENTY-SECOND DEFENSE

Some or all of the acts or omissions complained of by the Plaintiff against these Defendants did not arise as a result of, nor was there any custom, policy, procedure, agreement, or understanding which deprived the Plaintiff of, any civil rights.

## TWENTY-THIRD DEFENSE

These Defendants cannot be liable in litigation pursuant to Title 42 U.S.C. § 1983, for any claims Plaintiff is making on behalf of third parties.

## TWENTY-FOURTH DEFENSE

These Defendants reserve the right to file and assert any claims they may have for common law or statutory subrogation, contribution, or indemnity against any party or non-party.

## TWENTY-FIFTH DEFENSE

To the extent Plaintiff has been compensated by collateral sources, any award should be reduced by the same as provided in Idaho Code § 6-1606.

## TWENTY-SIXTH DEFENSE

Plaintiff's claim for damages is limited to the extent provided for by Idaho Code §§ 6-

1603, 6-1604 and 6-1606.

## TWENTY-SEVENTH DEFENSE

These Defendants assert that to the extent any information was shared about the Plaintiff to third parties (and these Defendants do not admit that any such information was shared), the disclosure of information, either personally known or contained in the student's record was in accordance with applicable federal law and in no way retaliatory, malicious, or for another improper motive.

## TWENTY-EIGHTH DEFENSE

These Defendants reserve the right to identify additional defenses as they may become known through discovery.

## DEMAND FOR JURY TRIAL

These Defendants demand a jury trial as to all issues.

## ATTORNEY FEES

These Defendants have been required to retain attorneys in order to defend this action and may be entitled to recover reasonable attorney fees pursuant to state and federal laws and applicable Rules of Civil Procedure.

WHEREFORE, these Defendants pray for judgment against Plaintiff as follows:

1. That Plaintiff's Complaint be dismissed with prejudice and that Plaintiff take nothing thereunder.

2. That these Defendants be awarded their costs, including reasonable attorney fees pursuant to the applicable Idaho and Federal Rules of Civil Procedure and statutory and/or code sections.

3. That judgment be entered in favor of these Defendants on all claims for relief.

4.      For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 10th day of October, 2023.

                                     ANDERSON, JULIAN & HULL LLP

                                     By:  */s/ Anne Sullivan Magnelli*
                                             Anne Sullivan Magnelli, Of the Firm
                                             Attorneys for Defendant

## CERTIFICATE OF SERVICE

  I HEREBY CERTIFY that on this 10th day of October, 2023, I served a true and correct copy of the foregoing **DEFENDANTS' ANSWER TO VERIFIED COMPLAINT** by delivering the same to each of the following attorneys of record, by the method indicated below, addressed as follows:

| | | |
|---|---|---|
| Katherine I. Hartley | [ ] | U.S. Mail, postage prepaid |
| PACIFIC JUSTICE INSTITUTE | [ ] | Hand-Delivered |
| P.O. Box 2131 | [ ] | Overnight Mail |
| Coeur d'Alene, ID  83816 | [ ] | Facsimile |
| T:  858-945-6924 | [ ] | Email |
| E:  khartley@pji.org | [**X**] | CM/ECF System |
| *Attorneys for Plaintiff* | | |

              */s/ Anne Sullivan Magnelli*
                Anne Sullivan Magnelli

DEFENDANTS' ANSWER TO VERIFIED COMPLAINT - 11